IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIC FLORES, <br> TDCJ No. 2051801, <br>     Petitioner, <br><br> v. <br><br> JESUS PERALTA, Warden, <br>     Respondent. | § § § § § § § § | EP-16-CV-166-DCG |

## MEMORANDUM OPINION AND ORDER

Petitioner Eric Flores, a state prisoner at the Connally Unit in Kenedy, Texas, challenges Respondent Warden Jesus Peralta's custody of him based on a burglary conviction through a third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mindful of Flores's *pro se* status,[1] the Court understands him to assert the State failed to prove all the essential elements of the burglary.[2] The Court further understands him to claim the trial court deprived him of his right to a speedy trial, denied him the opportunity to present witnesses in his defense, and prevented him from presenting his version of the facts.[3] After reviewing the available records, the Court concludes it should dismiss Flores's petition without prejudice because he has not exhausted his available state remedies. The Court additionally concludes that it should deny Flores a certificate of appealability.

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers ...'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] Pet'r's Pet. 6, May 17, 2016, ECF No. 1-1.

[3] *Id.* at 6-7.

## BACKGROUND AND PROCEDURAL HISTORY

Flores is currently serving a six-year sentence as the result of a conviction in the 120th Judicial District Court of El Paso County, Texas, in cause number 20110D01621 for burglary of a building.[4] Court records show that Flores, through his multiple filings, has created a procedural Gordian knot. They show the Eighth Court of Appeals denied Flores's petition for a writ of mandamus against the trial judge, alleging that she sentenced him "and his mother to death because he raised a conspiracy defense in a pending criminal case," on January 13, 2016, because he failed to establish an entitlement to mandamus.[5] They further show the Texas Court of Criminal Appeals dismissed Flores's state application for a writ of habeas corpus on May 18, 2016, because his conviction was not yet final.[6] They also show this Court dismissed prior § 2254 petitions without prejudice on April 13, 2016, and on May 4, 2016, because Flores failed to exhaust his state remedies.[7]

## LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he

---

[4] *State v. Flores*, 20110D01621 (120th Dist. Ct., El Paso Cnty., Tex. Jan. 28, 2016).

[5] *In re Flores*, No. 08-15-00363-CR, 2016 WL 155934, at *1 (Tex. App.-El Paso Jan. 13, 2016, pet. ref'd).

[6] *In re Flores*, WR-78,188-03 (Tex. Crim. App. May 18, 2016); *see also* Notice of Leave to File Petition for Writ of Certiorari, PD-0220-16 (Tex. Crim. App filed Mar 14, 2016).

[7] *Flores v. Moore*, EP-16cv105 (W.D. Tex. Apr. 13, 2016); *Flores v. Moore*, EP-16-CV-130-DCG (W.D. Tex. May 4, 2016).

is in custody in violation of the Constitution or laws or treaties of the United States."[8] As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[9] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[10] It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[11]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[12] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[13] Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[14]

---

[8] 28 U.S.C. § 2254(a) (2012).

[9] *Id.* § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[10] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[11] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

[12] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[13] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[14] *See* Tex. Crim. Proc. Code Ann. art. 11.07 (West) ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

## ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[15] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[16]

In the instant case, Flores's petition shows that he has not presented the claims in his instant § 2254 petition in a procedurally proper manner to the state's highest court.[17] Thus, he has not "exhausted the remedies available in the courts of the State."[18] Further, he still "has the right under the law of the State to raise ... the question[s] presented."[19] Thus, it is plain from the face of Flores's petition that he has not satisfied the preconditions for review set forth in § 2254. Dismissal of his petition for lack of exhaustion is therefore warranted so that he may untie the Gordian knot by pursuing his state remedies through an application for a writ of habeas corpus and then returning to this Court, if he so desires.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit

---

[15] 28 U.S.C. foll. § 2254 Rule 4.

[16] *Id.*

[17] Pet'r's Pet. 3, May 17, 2016, ECF No. 1-1; *see State v. Flores*, PD-0220-16 (Tex. Crim. App. notice of pet. for cert. filed Mar. 14, 2016); *see also Ex parte Flores*, WR-78,188-03 (Tex. Crim. App. May 18, 2016) ("This is to advise that your application for writ of habeas corpus has been dismissed. Conviction not final; mandate not issued at time application filed in trial court.").

[18] 28 U.S.C. § 2254(b)(1)(A).

[19] *Id.* § 2254(c).

justice or judge issues a certificate of appealability."[20] A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[21] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[22] To warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[23] The Court finds that jurists of reason would not debate whether the procedural ruling in this case is correct. The Court, therefore, finds it should deny Flores a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Flores is not entitled to federal habeas corpus relief at this time. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Eric Flores's third *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that Petitioner Eric Flores is **DENIED** a certificate of

---

[20] 28 U.S.C. § 2253(c)(1)(B) (2012).

[21] *Id.* § 2253(c)(2).

[22] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[23] *Id.*

appealability.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that the District Clerk shall **RETURN WITHOUT FILING** all future § 2254 petitions submitted by Petitioner Eric Flores unless he first submits evidence he has presented his claims in a procedurally proper manner to the Texas Court of Criminal Appeals and the Texas Court of Criminal Appeals has taken action on those claims.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 23rd day of June, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE